JOHNSON COUNTY, for the use of the School Fund, v. RUGG.

1. **Husband and wife:** GENERAL JUDGMENT. The wife executed to a School Fund Commissioner her note for $500, her husband and another joining with her as sureties; to secure which, she executed a mortgage on certain property held in her name: she received no part of the money, however, and knew nothing of the title to the property until about the time the mortgage was executed. *Held*, that it was error, in foreclosing the mortgage, to decree a general execution against the property

of the wife for the satisfaction of any balance which might remain unpaid after applying the proceeds arising from the sales of the mortgaged property.

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 22.

THE material facts appear in the opinion:

*Edmonds & Ransom* for the appellant.

*Rush Clarke* for the appellee.

WRIGHT, Ch. J. — *Mortgage foreclosure.* Appellant, a *feme covert*, made her note to Parrott, as School Fund Com-

1. HUSBAND AND WIFE: general judgment.

missioner, for $500; her husband and two others joining therein as sureties. The note was for borrowed money, but the wife did not receive any part of the same, nor did she know what was done with it. To secure this note, she executed a mortgage on certain real estate held in her name, but of which title she knew nothing until about the time said money was borrowed. Upon these facts the court below ordered a foreclosure of the mortgage, and that after the sale of the mortgaged premises, a general execution should issue against said appellant (Helen M. Rugg) for any deficiency.

Upon the authority of *Patton* v. *Kinsman*, 17 Iowa, 428, and *Jones* v. *Crosthwaite*, Id., 393, and the cases there cited, this judgment must be reversed, so far as it directs a general execution against the wife. It was competent for her to execute a mortgage upon real estate held in her own name, and proper to order the foreclosure of the same. But the court could not direct a general execution to issue against her, if the mortgaged property failed to pay the debt. Plaintiff's remedy, as to the wife, extends only to the mortgaged property. And if this will not sell for sufficient, further relief is to be sought against the sureties.

This is the only question made by appellant, and with this modification the judgment below will be affirmed at appellee's costs.