## W. H. TARR v. WILLIAM FRIEND *et al.*
### No. 225.

1. MARRIED WOMAN—*personal judgment in foreclosure is lien on separate property of.* A personal judgment of the district court against a married woman upon a note and mortgage, though accompanied by a decree therein foreclosing said mortgage and directing a sale of the property, operates as a lien upon the other real estate owned by such married woman to the same extent and effect as would a like judgment against a married man.

2. —————— *appropriation of one tract of land by mortgage does not exclude other tracts from lien of judgment.* The specific appropriation of one or more tracts of real estate by way of mortgage by a married woman to secure her personal obligation, does not operate to exclude her other real estate from the lien of a personal judgment against her for such obligation.

Error from Jackson District Court. Hon. Louis A. Myers, Judge. Opinion filed July 16, 1897. *Reversed.*

This action was begun in the District Court of Jackson County, to foreclose a real-estate mortgage made by Annie E. Wiggins, a widow, to the defendant in error, Friend. The land mortgaged was twenty-seven acres, the separate property of Mrs. Wiggins, inherited by her from the estate of her father. This property had never been impressed with the rights of homestead, and homestead rights were not involved in the case. During the lifetime of her husband, Mrs. Wiggins had joined with him in a mortgage of their homestead to Tarr. This mortgage had been foreclosed by Tarr, the property sold, and a deficiency judgment remained. After she executed the mortgage to Friend, Mrs. Wiggins parted with the title to the twenty-seven-acre tract. Default having been made, Friend commenced this action to foreclose the mortgage which Mrs. Wiggins had made

to him, and made Tarr a party. Tarr answered, and set up his judgment as a lien upon the twenty-seven-acre tract, second only to that of Friend's mortgage. The court held that he had no lien upon this tract, and ordered that, upon a confirmation of the sale and the payment to Friend of the sum coming to him, the balance should be turned over to the grantee of Mrs. Wiggins. Tarr makes in this court complaint of these rulings against him, and asks a reversal.

*J. H. Keller*, for plaintiff in error.
*James H. Lowell*, for defendants in error.

MAHAN, P. J.   This case involves the proper construction of section 2 of chapter 62, being paragraph 3753, of the General Statutes of 1889, in relation to married women. The only question in the case is: Does the old rule that, where the *feme covert* specially pledges property by way of mortgage for the joint debt of herself and her husband, executing the contract for the repayment jointly, the special setting apart of the mortgaged property raises a presumption that all other of her separate property was excluded and not pledged for such indebtedness, apply under our statute?

Our Supreme Court, in the case of *Deering v. Boyle* ( 8 Kan. 530 ), appears to recognize this rule, and says :

"Another class of cases is where a married woman at the time she makes the contract appropriates a certain piece of property (either hers or her husband's) for the payment of her obligation, by way of mortgage or pledge or the like. In such cases it has been held that no other property was intended to be appropriated or charged, upon the maxim that the express mention of one thing is the exclusion of an-

50    TARR V. FRIEND.

N. Dept.        Opinion.    Mahan, P. J.        6 Kan. App.

other. Such was the case of *Johnson Co. v. Rugg* ( 18 Iowa, 137 )."

But in the case of *Deering v. Boyle* the court says that that case does not come within the rule.

Again, in *Wicks v. Mitchell* (9 Kan. 88), where the defendant plead her coverture as a defense to an action upon a contract made jointly with her husband, and where she further averred that she refused at the time of the execution of the notes to charge her separate property, the court says : " She admits the execution of the notes. Now whether thereby she charged her separate property is a question of law ; for there is no claim in the petitions that she ever executed any mortgage or other instrument specifically appropriating certain property to the payment of these notes." The allegation that the defendant refused, at the time of the execution of the notes, to charge her separate property may be considered, says the court, as simply an allegation that she refused, by mortgage or otherwise, to make any specific appropriation of any of her separate property to the payment of these notes ; in other words, she did nothing further towards charging her separate property than executing these notes. In the case cited there was a demurrer to the defendant's answer, which was sustained. Counsel contended that this was error because she specifically alleged that she refused to charge her separate property for the payment of this debt. The court goes on to say : "In this view the question raised by the learned counsel for the plaintiff in error is not in the cases, and they fall within the letter as well as the spirit and reasoning of the rule laid down in *Deering v. Boyle*," supra.

So the exact question has never been presented to the Supreme Court as to whether, in an action against

a married woman to enforce a contract made by her under the provisions of section 2 of chapter 62, General Statutes of 1889 ( ¶ 3753 ), they would apply this rule. The language of the section of the statute is : "A married woman, while the marriage relation subsists, may . .. . enter into any contract with reference to the same [her real and personal property] in the same manner, to the same extent, and with like effect as a married man may in relation to his real and personal property." It seems to have recognized the rule ; and yet, in *Deering v. Boyle*, supra, on the succeeding pages, Mr. Justice Valentine, who delivered the opinion of the court, proceeds with the consideration of this statute and illustrates that the real intention of the statute was to permit a married woman to contract the same as a man, and in doing so to incur the same obligations and penalties that a man would in making a contract ; and the language of the statute is sufficiently broad to sustain this latter interpretation and exclude the rule heretofore alluded to. We are inclined to the opinion that the proper construction of the statute would exclude the operation of the rule contended for by the defendant in error.

In the case of *Lisle v. Cheney* (36 Kan. 578), the facts are almost exactly the same as in this case ; however, the precise question was not specifically raised, and the court held, upon the opinion of Commissioner Simpson, that a lien was created for the entire judgment, at the date of its rendition, upon all the property owned by the defendant, a married woman, and upon property thereafter acquired by her. In that case there had been a specific pledge of property by way of mortgage, as in the case under consideration.

Section 399 of the Code provides : " In actions to

enforce a mortgage, . . . a personal judgment or judgments shall be rendered for the amount or amounts due.'' Section 419 provides : '' Judgments of courts of record . . . shall be liens on the real estate of the debtor, within the county in which the judgment is rendered, from the first day of the term at which the judgment is rendered.'' Section 517 of the Code provides : '' When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount, sufficient to satisfy the debt or damages and costs, be not made from the sale of property specified, an execution may issue for the balance, as in other cases.'' Considering these provisions of the Code in connection with the Act in relation to married women, in which it says she may enter into any contract with reference to her real and personal property ''in the same manner and to the same extent and with like effect as a married man may in relation to his real and personal property,'' the conclusion seems to us inevitable, that this judgment became a lien upon the property of Mrs. Wiggins at the time it was rendered, and from the first day of the term of court at which it was rendered, the same as though she had been a married man ; and that the language of this statute, taken in connection with the provisions of the Code referred to, excludes all idea of the operation of the rule contended for. If we are correct in this conclusion, the judgment of the District Court is erroneous and ought to be reversed.

The judgment is reversed, with direction to the court below to proceed in accordance with this opinion.